[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT (DOCKET NO. 123)
The court does not find the defendant in contempt. The court does, however, order that the tangible personal property set forth in paragraphs 10 and 11 of the judgment shall be delivered by the defendant to the plaintiff within fifteen (15) days of the date hereof. With respect to the items on plaintiff's exhibit X, as provided in paragraph 8 of the judgment, the plaintiff shall be entitled to such items and arrangement shall be made between the parties for the plaintiff to pick up such items from the defendant's apartment.
The defendant shall be entitled to remove the dining room set at Remsenberg and any other tangible personal property upon which the parties are agreed. This is also true of the plaintiff.
While the court believes that the parties will be better served by leaving the majority of the furnishings at Remsenberg pending its sale, the parties are entitled to a division of the tangible personal property at this time as they may agree and, absent such an agreement, mediation by the Family Relations office, all as provided in paragraph 8 of the judgment.
Plaintiff's request for counsel fees is denied. See the court's comment in this regard upon the defendant's motion for contempt and/or orders to enforce the judgment.
Dated at Bridgeport, Connecticut, this 3rd day of October, 1990.
EDGAR W. BASSICK, III JUDGE OF THE SUPERIOR COURT CT Page 2736